UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x   AH-3515
ASUSTEK COMPUTER, INC.,                                     :

               Plaintiff,                                 :
                                                                                                             :   Case No: 08-CV-02768 (HB)
     - against -

**ANSWER AND CROSS-CLAIMS**

SHANGHAI EASTERN FUDART
TRANSPORT SERVICES CO., LTD.,
CHINA EASTERN AIRLINES CO., LTD.,
CHINA CARGO AIRLINES, DART
EXPRESS (TAIWAN) LTD., ULTRA AIR
CARGO, INC., TRUXTON LOGISTICS
CORP. and M&M TRANSPORT,

               Defendants.
------------------------------------------------------------x

     Defendant China Cargo Airlines Ltd. (incorrectly sued herein as "China Cargo Airlines" and hereinafter "China Cargo"), by its attorneys Clyde & Co US LLP, answers plaintiff's Complaint ("Complaint") as follows:

     1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs First through Fifth of the Complaint and leaves all questions of law for the Court.

     2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph Sixth of the Complaint to the extent they are directed toward parties other than China Cargo. Denies the allegations in paragraph Sixth of the Complaint to the extent they are directed toward China Cargo or may be construed to assert a claim against China Cargo, except admits that China Cargo is a foreign corporation organized and existing under the laws of the People's Republic of China with a place of business at 5781 West Imperial Highway, Los Angeles, California.

3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs Seventh through Ninth of the Complaint and leaves all questions of law for the Court.

4.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs Tenth through Fourteenth of the Complaint to the extent they are directed toward parties other than China Cargo. Denies the allegations in paragraphs Tenth through Fourteenth of the Complaint to the extent they are directed toward China Cargo or may be construed to assert a claim against China Cargo, except admits that China Cargo contracted to transport a shipment of goods from Shanghai, China to Los Angeles, California pursuant to China Eastern air waybills 781-4688-0411 and 781-4688-1155, and leaves all questions of law for the Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

5.  The Complaint fails to state a claim against China Cargo upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6.  The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 333292734 (hereinafter "Montreal Convention"), and the rights of the parties are governed exclusively by the provisions of the said Montreal Convention.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

7. Pursuant to Articles 18 and/or 20 of the Montreal Convention, China Cargo's tariffs, China Cargo's conditions of carriage as set forth in the relevant contract of carriage and/or other relevant law, China Cargo is not liable to plaintiff for the loss or damage described in the Complaint because the alleged loss or damage (a) did not occur during the period of carriage by air, and/or (b) was caused or contributed to by an inherent defect, quality or vice of the cargo, defective packaging of the cargo and/or the negligence of plaintiff, its agents, servants, or employees.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

8. The liability of China Cargo, if any, is limited pursuant to Article 22 of the Montreal Convention and/or China Cargo's tariffs and conditions of carriage as set forth in the relevant contract of carriage.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

9. Pursuant to its tariffs and conditions of carriage as set forth in the relevant contract of carriage, and/or the applicable local law, China Cargo is not liable to plaintiffs or, in the alternative, China Cargo's liability is limited.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

10. Plaintiff's alleged damages resulted from the acts or omissions of parties other than China Cargo and for whom China Cargo is not responsible and, therefore, China Cargo is not liable to plaintiff or, alternatively, China Cargo's liability to plaintiff is partial only and should be reduced in accordance with applicable law.

## AS AND FOR A SEVENTH
## AFFIRMATIVE DEFENSE

11.     The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of China Cargo.

## AS AND FOR AN EIGHTH
## AFFIRMATIVE DEFENSE

12.     China Cargo is not liable to plaintiff for the loss or damage described in the Complaint because the alleged loss or damage was caused or contributed to by the negligence of plaintiff or its agents, servants or employees.

## AS AND FOR A NINTH
## AFFIRMATIVE DEFENSE

13.     Plaintiff failed to mitigate its damages, if any, and, therefore, plaintiff is barred from recovering any such damages from China Cargo.

## AS AND FOR A TENTH
## AFFIRMATIVE DEFENSE

14.     The alleged damages were caused and brought about by an intervening and superseding cause and were not caused by China Cargo, or by a person for whom China Cargo is responsible.

## AS AND FOR AN ELEVENTH
## AFFIRMATIVE DEFENSE

15.     Pursuant to the Montreal Convention and/or China Cargo's tariffs and conditions of carriage, China Cargo is not liable to plaintiff because plaintiff failed to dispatch timely written notice of claim to China Cargo of the loss or damage alleged in the Complaint.

## AS AND FOR A TWELFTH
## AFFIRMATIVE DEFENSE

16.  Pursuant to the Montreal Convention and/or China Cargo's tariffs and conditions of contract set forth in the relevant contract of carriage, plaintiff may not maintain an action against China Cargo and/or China Cargo is not liable to plaintiff for the loss described in the Complaint because the alleged loss did not occur while the cargo was in China Cargo's possession or the possession of its employees or agents.

## AS AND FOR A THIRTEENTH
## AFFIRMATIVE DEFENSE

17.  Plaintiff's Complaint should be dismissed as the United States District Court for the Southern District of New York is an improper venue and/or the action should be transferred pursuant to 28 U.S.C. § 1404.

## AS AND FOR A FOURTEENTH
## AFFIRMATIVE DEFENSE

18.  Plaintiff's Complaint should be dismissed pursuant to the doctrine of *forum non conveniens*.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DART EXPRESS (TAIWAN) LTD., ULTRA AIR CARGO, INC., TRUXTON LOGISTICS CORP. and M&M TRANSPORT

19.  Any loss or damage sustained as alleged in the Complaint was caused solely by reason of the negligence of Dart Express (Taiwan) Ltd., Ultra Air Cargo, Inc., Truxton Logistics Corp., and/or M&M Transport (hereinafter collectively referred to as "Co-Defendants"), without any negligence or culpable conduct on the part of China Cargo contributing thereto.

20.  If plaintiff obtains a judgment against China Cargo for the loss or damage alleged in the Complaint, such liability will have been brought about or caused solely by the careless, negligent or culpable acts or omissions of Co-Defendants, their agents, servants or employees, and

China Cargo therefore is entitled to full indemnity in an amount equal to the total sum of any such judgment, together with costs and disbursements of the within action.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS

21.     Any loss or damage sustained as alleged in the Complaint was caused in substantial part by reason of the negligence of Co-Defendants, without any negligence or culpable conduct on the part of China Cargo contributing thereto.

22.     If plaintiff obtains a judgment against China Cargo for the loss or damage alleged in the Complaint, such liability will have been brought about and caused, in substantial part, by the careless, negligent or culpable acts or omissions of Co-Defendants, their agents, servants, or employees. China Cargo, therefore, is entitled to contribution from Co-Defendants in accordance with their relative culpability for plaintiff's injuries.

## NOTICE OF APPLICABILITY OF FOREIGN LAW

23.     Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, China Cargo hereby gives notice that it may raise issues concerning the law of a foreign country in this matter.

WHEREFORE, China Cargo demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with costs and disbursements. In the event a judgment is entered in favor of plaintiff and against China Cargo, said defendant demands that it have a judgment over and against Co-Defendants for the full amount for which defendant China Cargo is found to be liable to plaintiff.

Dated: New York, New York
May 30, 2008

          CLYDE & CO US LLP

By: *Andrew J. Harakas / KCT*
    Andrew J. Harakas (AH 3515)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 710-3900

Attorneys for Defendant
China Cargo Airlines Ltd.

To: Matthew T. Loesberg, Esq.
McDermott & Radzik, LLP
Wall Street Plaza
88 Pine Street
New York, New York 10005
(212) 376-6400
Attorneys for Plaintiff

Shanghai Eastern Fudart Transport Services Co., Ltd
5481 W. Imperial Highway, Suite 216
Los Angeles, California 90045

Dart Express (Taiwan) Ltd.
Room A & D, 20/F
International Trade Building
No. 388 Hubin South Road, 361004
Xiamen, China

Ultra Air Cargo, Inc.
555 S. Isis Avenue
Inglewood, California 90301

Truxton Logistics Corp.
P.O. Box 83104
Los Angeles, California 90045

M&M Transport
1325 James Dudly
El Paso, Texas 79956

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

Mariana Nannarone, being duly sworn, deposes and says that deponent is not a party of this action, is over 18 years of age and resides in Brooklyn, New York. On May 30, 2008 deponent served the within **ANSWER AND CROSS-CLAIMS** upon:

| | |
|---|---|
| Matthew T. Loesberg, Esq.<br>McDermott & Radzik, LLP<br>Wall Street Plaza<br>88 Pine Street<br>New York, New York 10005<br>(212) 376-6400<br>Attorneys for Plaintiff | Ultra Air Cargo, Inc.<br>555 S. Isis Avenue<br>Inglewood, California 90301<br><br>Truxton Logistics Corp.<br>P.O. Box 83104<br>Los Angeles, California 90045 |
| Shanghai Eastern Fudart Transport<br>Services Co., Ltd.<br>5481 W. Imperial Highway, Suite 216<br>Los Angeles, California 90045 | M&M Transport<br>1325 James Dudly<br>El Paso, Texas 79956 |
| Dart Express (Taiwan) Ltd.<br>Room A & D, 20/F<br>International Trade Building<br>No. 388 Hubin South Road, 361004<br>Xiamen, China | |

The address(es) designated by said attorney(s) for that purpose by depositing a true copy thereof enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Mariana Nannarone

Sworn to before me this
30th day of May, 2008

_____
Notary Public

PATRICIA A. DONNELLY
Notary Public, State of New York
No. 01DO5087441
Qualified in New York County
Commission Expires Nov. 30, 2009