Jean Gardner, Esq. (JG 5544)
SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH, LLP
14 Penn Plaza, Suite 500
New York, New York 10122
(212) 563-1710
Attorneys for Defendant Truxton Logistics Corp.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
ASUSTEK COMPUTER, INC.,

          Plaintiff,    :    08 CV 2768 (HB)

  -against-

SHANGHAI EASTERN FUDART          :    **ANSWER TO COMPLAINT**
TRANSPORT SERVICES CO. LTD.,     :    **AND CROSS CLAIMS**
CHINA EASTERN AIRLINES CO., LTD, :
CHINA CARGO AIRLINES, DART       :
EXPRESS (TAIWAN) LTD., ULTRA AIR :
CARGO, INC., TRUXTON LOGISTICS   :
CORP. and M&M TRANSPORT,         :

          Defendants.   :
------------------------------x

    Defendant Truxton Logistics Corp. (hereinafter "Truxton"), by its attorneys, Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP, as and for its Answer to the Complaint, states upon information and belief, as follows:

    1.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the first paragraph of the complaint.

    2.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the second paragraph of the complaint.

    3.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the third paragraph of the complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the fourth paragraph of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the fifth paragraph of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the sixth paragraph of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the seventh paragraph of the complaint.

8. Denies each and every allegation contained in the eighth paragraph of the complaint except admits only that Truxton was and now is engaged in business as a licensed freight forwarder.

9. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the ninth paragraph of the complaint.

10. Denies each and every allegation contained in the tenth paragraph except denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the tenth paragraph as to all other parties.

11. Denies each and every allegation contained in the eleventh paragraph except denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the eleventh paragraph as to all other parties.

12. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the twelfth paragraph of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the thirteenth paragraph of the complaint.

14. Denies each and every allegation contained in the fourteenth paragraph of the complaint.

## GENERAL PROVISION

15. Any and all allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16. Plaintiff fails to state a cause of action against Truxton.

### SECOND AFFIRMATIVE DEFENSE

17. Truxton's liability, if any, is limited by the terms and conditions of the contract(s) of carriage and any applicable tariff(s), statute(s) or regulation(s).

### THIRD AFFIRMATIVE DEFENSE

18. Whatever shipments were received by Truxton were accepted in accordance with, and subject to, all the terms and conditions of all applicable contracts, bills of lading, any applicable tariffs and classifications, and the rules set forth therein. Truxton duly performed the terms and conditions on its part to be performed. Truxton claims the benefit of all defenses accorded it by those waybills and by all other applicable contracts under which the shipment traveled.

### FOURTH AFFIRMATIVE DEFENSE

19. In the event the Court determines any of the damage as alleged by the plaintiff actually occurred, such damage was not caused by any act or omission on the part of Truxton or its agents.

### FIFTH AFFIRMATIVE DEFENSE

20. The loss, if any, occurred as a result of an act or default of the shipper or its agent, without any intervening action on the part of Truxton.

### SIXTH AFFIRMATIVE DEFENSE

21. In the event that plaintiff had no, or has no, title or interest in the property that is the subject of this action, then said party is not the real party in interest herein and is not entitled to maintain this suit.

### SEVENTH AFFIRMATIVE DEFENSE

22. Truxton exercised reasonable care at all times in connection with the shipment, which is the subject of the complaint. Truxton is not responsible for any loss or damage caused by any cause or event which could not be avoided and the consequence of which could not be prevented by the exercise of reasonable diligence.

### EIGHTH AFFIRMATIVE DEFENSE

23. Plaintiff has failed to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

24. The Court lacks personal jurisdiction over Truxton.

### TENTH AFFIRMATIVE DEFENSE

25. Venue of this matter in this Court is improper.

### ELEVENTH AFFIRMATIVE DEFENSE

26. This suit should be removed, dismissed and/or transferred on the basis of *forum non conveniens*

## TWELFTH AFFIRMATIVE DEFENSE

27. Truxton hereby reserves all of its rights to amend this answer and or supplement its affirmative defenses in accordance with any additional information developed during the course of discovery, should the case proceed.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS

28. Any injury or damage sustained as alleged in the complaint was caused solely by reason of the negligence and/or culpable conduct of defendants Shanghai Eastern Fudart Transport Services Co., Ltd., China Eastern Airlines Co., Ltd., China Cargo Airlines, Dart Express (Taiwan) Ltd, Ultra Air Cargo, Inc., and M&M Transport without any negligence or culpable conduct on the part of defendant Truxton Logistics, Corp. contributing thereto.

29. If plaintiff recovers judgment against Truxton Logistics, Corp. for the injuries or damages alleged in the complaint, such liability will have been brought about or caused solely by the careless, negligent or culpable acts or omissions of defendants Shanghai Eastern Fudart Transport Services Co., Ltd., China Eastern Airlines Co., Ltd., China Cargo Airlines, Dart Express (Taiwan) Ltd, Ultra Air Cargo, Inc., and M&M Transport and their agents, servants or employees, and defendant Truxton Logistics, Corp. is entitled to full indemnity in an amount equal to the total sum of any such judgment, together with costs and disbursements of the within action.

## AS AND FOR A SECOND CROSS CLAIM AGAINST CO-DEFENDANTS

30. Any injury or damage sustained as alleged in the complaint was caused solely by reason of the negligence and/or culpable conduct of defendants Shanghai Eastern Fudart Transport Services Co., Ltd., China Eastern Airlines Co., Ltd., China Cargo Airlines, Dart Express (Taiwan) Ltd, Ultra Air Cargo, Inc., and M&M Transport without any negligence or

culpable conduct on part of defendant, Truxton Logistics, Corp. contributing thereto.

31.  If plaintiff recovers judgment from defendant Truxton Logistics, Corp. for the injuries or damage alleged in the complaint, such liability will have been brought about or caused, in substantial part, by the careless, negligent or culpable acts or omissions of defendants Shanghai Eastern Fudart Transport Services Co., Ltd., China Eastern Airlines Co., Ltd., China Cargo Airlines, Dart Express (Taiwan) Ltd, Ultra Air Cargo, Inc., and M&M Transport their agents, servants, or employees, and Truxton Logistics, Corp. is entitled to contribution from defendants Shanghai Eastern Fudart Transport Services Co., Ltd., China Eastern Airlines Co., Ltd., China Cargo Airlines, Dart Express (Taiwan) Ltd, Ultra Air Cargo, Inc., and M&M Transport in accordance with the relative culpability of each defendant in an amount equal to any sum which may be recovered herein by plaintiff, together with costs and disbursements of the within action or, in the alternative, that Truxton Logistics, Corp. shall have judgment over and against defendants Shanghai Eastern Fudart Transport Services Co., Ltd., China Eastern Airlines Co., Ltd., China Cargo Airlines, Dart Express (Taiwan) Ltd, Ultra Air Cargo, Inc., and M&M Transport for contribution and apportionment, together with costs and disbursements of this action, and all other relief which to this Court may seem just and proper.

**WHEREFORE,** defendant Truxton Logistics, Corp. demands judgment, dismissing plaintiff's complaint against it with prejudice or, in the alternative, granting judgment over and against the defendants Shanghai Eastern Fudart Transport Services Co., Ltd., China Eastern Airlines Co., Ltd., China Cargo Airlines, Dart Express (Taiwan) Ltd, Ultra Air Cargo, Inc., and M&M Transport for indemnification and/or contribution, and granting such other and different

relief as the Court may deem just and proper.

Dated: New York, New York
July 18, 2008

                              SCHINDEL, FARMAN, LIPSIUS,
                              GARDNER & RABINOVICH, LLP
                              Attorneys for Defendant Truxton Logistics Corp.

               By: _____
                              Jean Gardner ((JG 5544)
                              14 Penn Plaza, Suite 500
                              New York, New York 10122 .
                              (212) 563-1710
                              File No. 4185.0010

TO:    Edward C. Radzik, Esq.
        Matthew T. Loesberg, Esq.
        McDERMOTT & RADZIK, LLP
        Attorneys for Plaintiffs
        Wall Street Plaza
        88 Pine Street
        New York, NY 10005
        (212) 376-6400

        Andrew J. Harakas, Esq.
        CLYDE & CO. US LLP
        Attorneys for Defendants
        China Eastern Airlines Co. Ltd.,
        China Cargo Airlines and Dart Express (Taiwan) Ltd
        405 Lexington Avenue
        New York, NY 10174
        (212) 710-3900

        SHANGHAI EASTERN FUDART TRANSPORT SERVICES CO. LTD.
        Defendant Pro Se
        5481 W. Imperial Highway, Suite 216
        Los Angeles, CA 90045

        ULTRA AIR CARGO, INC.
        Defendant Pro Se
        555 S. Isis Avenue
        Inglewood, CA 90301

M&M TRANSPORT
Defendant Pro Se
1325 James Dudley
El Paso, TX 79956

AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

    I, Blima Levine, being duly sworn, state as follows: I am over 18 years of age, not a party to the within action, and reside in Brooklyn, NY. On July 18, 2008 I served the **Answer to Complaint and Cross Claims** by mailing a true and complete copy of same in a postage pre-paid envelope, and depositing same in a post office or official depository of the United States Postal Service within New York State, as follows:

    Edward C. Radzik, Esq.
    Matthew T. Loesberg, Esq.
    McDermott & Radzik, LLP
    Wall Street Plaza, 88 Pine Street
    New York, NY 10005
    Attorneys for Plaintiffs

    Andrew J. Harakas, Esq.
    Clyde & Co. US LLP
    405 Lexington Avenue
    New York, NY 10174
    Attorneys for Defendants China Eastern Airlines Co. Ltd.,
    China Cargo Airlines and Dart Express (Taiwan) Ltd

    Shanghai Eastern Fudart Transport Services Co. Ltd.
    5481 W. Imperial Highway, Suite 216
    Los Angeles, CA 90045
    Defendant Pro Se

    Ultra Air Cargo, Inc.
    555 S. Isis Avenue
    Inglewood, CA 90301
    Defendant Pro Se

    M&M Transport
    1325 James Dudley
    El Paso, TX 79956
    Defendant Pro Se

                                                       _____
                                                                    BLIMA LEVINE

Sworn to before me this
18th day of July, 2008

_____
Notary Public

LORIENTON N.A. PALMER
Notary Public, State of New York
No. 02PA4983745
Qualified in Nassau County
Commission Expires July 8, 2011