Jean Gardner, Esq. (JG 5544)
SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH, LLP
14 Penn Plaza, Suite 500
New York, New York 10122
(212) 563-1710
Attorneys for Defendant Truxton Logistics Corp.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ASUSTEK COMPUTER, INC.,                          :
                                                 :
                          Plaintiff,             :        08 CV 2768 (HB)
                                                 :
        -against-                                :
                                                 :
SHANGHAI EASTERN FUDART                          :        **ANSWER TO CHINA EASTERN**
TRANSPORT SERVICES CO. LTD.,                     :        **AIRLINE CO., LTD.'S CROSS CLAIMS**
CHINA EASTERN AIRLINES CO., LTD,                 :
CHINA CARGO AIRLINES, DART                       :
EXPRESS (TAIWAN) LTD., ULTRA AIR                 :
CARGO, INC., TRUXTON LOGISTICS                   :
CORP. and M&M TRANSPORT,                         :
                                                 :
                          Defendants.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

        Defendant Truxton Logistics Corp. (hereinafter "Truxton"), by its attorneys, Schindel,

Farman, Lipsius, Gardner & Rabinovich, LLP, as and for its Answer to the Cross-Claims of

China Eastern Airlines Co., Ltd., states upon information and belief, as follows:

### FIRST CROSS CLAIM

        1.      Denies each and every allegation contained in the nineteenth paragraph except

denies knowledge or information sufficient to form a belief as to the truth of each and every

allegation contained in the nineteenth paragraph as to all other parties.

        2.      Defendant refers all questions of law to the Court.  To the extent a further

response is required, denies knowledge or information sufficient to form a belief as to the truth

of each and every allegation contained in the twentieth paragraph.

## SECOND CROSS CLAIM

3.    Denies each and every allegation contained in the twenty-first paragraph except denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the twenty-first paragraph as to all other parties.

4.    Defendant refers all questions of law to the Court.  To the extent a further response is required, denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the twenty-second paragraph.

## GENERAL PROVISION

5.    Any and all allegations not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

16.    Co-Defendant fails to state a cause of action against Truxton.

## SECOND AFFIRMATIVE DEFENSE

7.    Truxton's liability, if any, is limited by the terms and conditions of the contract(s) of carriage and any applicable tariff(s), statute(s) or regulation(s).

## THIRD AFFIRMATIVE DEFENSE

8.    Whatever shipments were received by Truxton were accepted in accordance with, and subject to all the terms and conditions of all applicable contracts, bills of lading, any applicable tariffs and classifications, and the rules set forth therein.  Truxton duly performed the terms and conditions on its part to be performed.  Truxton claims the benefit of all defenses accorded it by those waybills and by all other applicable contracts under which the shipment traveled.

### FOURTH AFFIRMATIVE DEFENSE

9.    In the event the Court determines any of the damage as alleged by the plaintiff actually occurred, such damage was not caused by any act or omission on the part of Truxton or its agents.

### FIFTH AFFIRMATIVE DEFENSE

10.    The loss, if any, occurred as a result of an act or default of the shipper or its agent, without any intervening action on the part of Truxton.

### SIXTH AFFIRMATIVE DEFENSE

11.    In the event that plaintiff had no, or has no, title or interest in the property that is the subject of this action, then said party is not the real party in interest herein and is not entitled to maintain this suit.

### SEVENTH AFFIRMATIVE DEFENSE

12.    Truxton exercised reasonable care at all times in connection with the shipment, which is the subject of the complaint. Truxton is not responsible for any loss or damage caused by any cause or event which could not be avoided and the consequence of which could not be prevented by the exercise of reasonable diligence.

### EIGHTH AFFIRMATIVE DEFENSE

13.    Other parties have failed to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

24.    The Court lacks personal jurisdiction over Truxton.

### TENTH AFFIRMATIVE DEFENSE

25.    Venue of this matter in this Court is improper.

## ELEVENTH AFFIRMATIVE DEFENSE

26.    This suit should be removed, dismissed and/or transferred on the basis of *forum non conveniens*.

## TWELFTH AFFIRMATIVE DEFENSE

27.    Truxton hereby reserves all of its rights to amend this answer and or supplement its affirmative defenses in accordance with any additional information developed during the course of discovery, should the case proceed.


Dated: New York, New York
        July 18, 2008

                                        SCHINDEL, FARMAN, LIPSIUS,
                                        GARDNER & RABINOVICH, LLP
                                        Attorneys for Defendant Truxton Logistics Corp.

                        By:    _____
                                        Jean Gardner (JG 5544)
                                        14 Penn Plaza, Suite 500
                                        New York, New York 10122
                                        (212) 563-1710
                                        File No. 4185.0010

TO:    McDERMOTT & RADZIK, LLP
        Edward C. Radzik
        Matthew T. Loesberg
        Attorneys for Plaintiffs
        Wall Street Plaza
        88 Pine Street
        New York, NY 10005
        (212) 376-6400

        Andrew J. Harakas, Esq.
        CLYDE & CO. US LLP
        Attorneys for Defendants
        China Eastern Airlines Co. Ltd.,
        China Cargo Airlines and Dart Express (Taiwan) Ltd
        405 Lexington Avenue
        New York, NY 10174
        (212) 710-3900

4

SHANGHAI EASTERN FUDART TRANSPORT SERVICES CO. LTD.
Defendant Pro Se
5481 W. Imperial Highway, Suite 216
Los Angeles, CA 90045

ULTRA AIR CARGO, INC.
Defendant Pro Se
555 S. Isis Avenue
Inglewood, CA 90301

M&M TRANSPORT
Defendant Pro Se
1325 James Dudley
El Paso, TX 79956

AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                       ) ss.:
COUNTY OF NEW YORK )

      I, Blima Levine, being duly sworn, state as follows: I am over 18 years of age, not a party to the within action, and reside in Brooklyn, NY. On July 18, 2008 I served the **Answer to China Eastern Airlines Ltd's Cross Claims** by mailing a true and complete copy of same in a postage pre-paid envelope, and depositing same in a post office or official depository of the United States Postal Service within New York State, as follows:

      Edward C. Radzik, Esq.
      Matthew T. Loesberg, Esq.
      McDermott & Radzik, LLP
      Wall Street Plaza, 88 Pine Street
      New York, NY 10005
      Attorneys for Plaintiffs

      Andrew J. Harakas, Esq.
      Clyde & Co. US LLP
      405 Lexington Avenue
      New York, NY 10174
      Attorneys for Defendants China Eastern Airlines Co. Ltd.,
      China Cargo Airlines and Dart Express (Taiwan) Ltd

      Shanghai Eastern Fudart Transport Services Co. Ltd.
      5481 W. Imperial Highway, Suite 216
      Los Angeles, CA 90045
      Defendant Pro Se

      Ultra Air Cargo, Inc.
      555 S. Isis Avenue
      Inglewood, CA 90301
      Defendant Pro Se

      M&M Transport
      1325 James Dudley
      El Paso, TX 79956
      Defendant Pro Se

BLIMA LEVINE

Sworn to before me this
18th day of July, 2008

Notary Public

LORIENTON N.A. PALMER
Notary Public, State of New York
No. 02PA4983745
Qualified in Nassau County
Commission Expires July 8, 2011