UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x   AH-3515
ASUSTEK COMPUTER, INC.,                                     :

              Plaintiff,                                :

    - against -                                             :   Case No: 08-CV-02768 (HB)

SHANGHAI EASTERN FUDART                                     :   **ANSWER TO CROSS-CLAIMS**
TRANSPORT SERVICES CO., LTD.,
CHINA EASTERN AIRLINES CO., LTD.,                           :
CHINA CARGO AIRLINES, DART
EXPRESS (TAIWAN) LTD., ULTRA AIR                            :
CARGO, INC., TRUXTON LOGISTICS
CORP. and M&M TRANSPORT,                                    :

              Defendants.                               :
------------------------------------------------------------x

       Defendant China Cargo Airlines Co., Ltd. (hereinafter "China Cargo"), by its attorneys Clyde & Co US LLP, answers the cross-claims asserted in the answer of Truxton Logistics Corp. (the "Answer with Cross-Claims") as follows:

### AS TO THE FIRST CROSS-CLAIM

       1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 28 and 29 of the Answer with Cross-Claims to the extent they are directed at parties other than China Cargo. Denies the allegations in paragraphs 28 and 29 of the Answer with Cross-Claims to the extent they are directed at China Cargo or can be construed to assert a claim against China Eastern, and leaves all questions of law for the Court.

### AS TO THE SECOND CROSS-CLAIM

       2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 30 and 31 of the Answer with Cross-Claims to the extent they are directed at parties other than China Cargo. Denies the allegations in paragraphs 30 and 31 of

the Answer with Cross-Claims to the extent they are directed at China Cargo or can be construed to assert a claim against China Eastern, and leaves all questions of law for the Court.

## AFFIRMATIVE DEFENSES

3.  Truxton Logistics Corp.'s ("Truxton") cross-claims fail to state a claim against China Cargo upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4.  The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 33292734 (hereinafter "Montreal Convention"), and the rights of the parties are governed exclusively by the provisions of the said Montreal Convention.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

5.  Pursuant to Articles 18 and/or 20 of the Montreal Convention, China Cargo's tariffs, China Cargo's conditions of carriage as set forth in the relevant contract of carriage and/or other relevant law, China Cargo is not liable to plaintiff or Truxton for the loss or damage described in the Complaint and/or Truxton's cross-claims because the alleged loss or damage (a) did not occur during the period of carriage by air, and/or (b) was caused or contributed to by an inherent defect, quality or vice of the cargo, defective packaging of the cargo and/or the negligence of plaintiff, Truxton, and/or their agents, servants, or employees.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

6. The liability of China Cargo if any, is limited pursuant to Article 22 of the Montreal Convention and/or China Cargo's tariffs and conditions of carriage as set forth in the relevant contract of carriage.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

7. Pursuant to its tariffs and conditions of carriage as set forth in the relevant contract of carriage, and/or the applicable local law, China Cargo is not liable to plaintiff or Truxton or, alternatively, China Cargo's liability is limited.

## AS AND FOR A SIXTH
## AFFIRMATIVE DEFENSE

8. The damages alleged by plaintiff and Truxton resulted from the acts or omissions of parties other than China Cargo and for whom China Cargo is not responsible and, therefore, China Cargo is not liable to plaintiff or Truxton, or, alternatively, China Cargo's liability to plaintiff and/or Truxton is partial only and should be reduced in accordance with applicable law.

## AS AND FOR A SEVENTH
## AFFIRMATIVE DEFENSE

9. The alleged damages complained of were not proximately caused by any negligence or culpable conduct on the part of China Cargo.

## AS AND FOR AN EIGHTH
## AFFIRMATIVE DEFENSE

10. China Cargo is not liable to plaintiff or Truxton for the loss or damage described in the Complaint and/or Truxton's cross-claims because the alleged loss or damage was caused or contributed to by the negligence of plaintiff, Truxton, and/or their agents, servants or employees.

## AS AND FOR A NINTH
## AFFIRMATIVE DEFENSE

11.   Plaintiff failed to mitigate its damages, if any, and, therefore, plaintiff and/or Truxton are barred from recovering any such damages or indemnity/contribution from China Cargo.

## AS AND FOR A TENTH
## AFFIRMATIVE DEFENSE

12.   The alleged damages were caused and brought about by an intervening and superseding cause and were not caused by China Cargo, or by a person for whom China Cargo is responsible.

## AS AND FOR AN ELEVENTH
## AFFIRMATIVE DEFENSE

13.   Pursuant to the Montreal Convention and/or China Cargo's tariffs and conditions of carriage, China Cargo is not liable to plaintiff or Truxton because plaintiff failed to dispatch timely written notice of claim to China Cargo of the loss or damage alleged in the Complaint.

## AS AND FOR A TWELFTH
## AFFIRMATIVE DEFENSE

14.   Pursuant to the Montreal Convention and/or China Cargo's tariffs and conditions of contract set forth in the relevant contract of carriage, Truxton may not maintain an action against China Cargo and/or China Cargo is not liable to Truxton for any loss arising out of plaintiff's Complaint because the alleged loss did not occur while the cargo was in China Cargo's possession or the possession of its employees or agents.

## AS AND FOR A THIRTEENTH
## AFFIRMATIVE DEFENSE

15.   Plaintiff's Complaint and, thus, Truxton's cross-claims, should be dismissed as the United States District Court for the Southern District of New York is an improper venue and/or

the action should be transferred pursuant to 28 U.S.C. § 1404.

**AS AND FOR A FOURTEENTH<br>AFFIRMATIVE DEFENSE**

16. Plaintiff's Complaint and, thus, Truxton's cross-claims, should be dismissed pursuant to the doctrine of *forum non conveniens*.

WHEREFORE, China Cargo demands judgment dismissing Truxton's cross-claims in their entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with attorneys' fees, costs, disbursements and such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 1, 2008

CLYDE & CO US LLP

By: _____
Andrew J. Harakas (AH 3515)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 710-3900

Attorneys for Defendant
China Cargo Airlines Co., Ltd.

To:   Matthew T. Loesberg, Esq.
McDermott & Radzik, LLP
Wall Street Plaza
88 Pine Street
New York, New York 10005
(212) 376-6400
Attorneys for Plaintiff

Jean Gardner, Esq.
Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP
14 Penn Plaza, Suite 500
New York, New York 10122
(212) 563-1710
Attorneys for Defendant Truxton Logistics Corp.

Shanghai Eastern Fudart Transport Services Co., Ltd.
5481 W. Imperial Highway, Suite 216
Los Angeles, California 90045

Dart Express (Taiwan) Ltd.
Room A & D, 20/F
International Trade Building
No. 388 Hubin South Road, 361004
Xiamen, China

Ultra Air Cargo, Inc.
555 S. Isis Avenue
Inglewood, California 90301

M&M Transport
1325 James Dudly
El Paso, Texas 79956

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Mariana Nannarone, being duly sworn, deposes and says that deponent is not a party of this action, is over 18 years of age and resides in Brooklyn, New York. On August 1, 2008 deponent served the within **ANSWER TO CROSS-CLAIMS** upon:

Matthew T. Loesberg, Esq.
McDermott & Radzik, LLP
Wall Street Plaza
88 Pine Street
New York, New York 10005
(212) 376-6400
Attorneys for Plaintiff

Jean Gardner, Esq.
Schindel, Farman, Lipsius, Gardner & Rabinovich, LLP
14 Penn Plaza, Suite 500
New York, New York 10122
(212) 563-1710
Attorneys for Defendant Truxton Logistics Corp.

Shanghai Eastern Fudart Transport Services Co., Ltd.
5481 W. Imperial Highway, Suite 216
Los Angeles, California 90045

Dart Express (Taiwan) Ltd.
Room A & D, 20/F
International Trade Building
No. 388 Hubin South Road, 361004
Xiamen, China

Ultra Air Cargo, Inc.
555 S. Isis Avenue
Inglewood, California 90301

M&M Transport
1325 James Dudly
El Paso, Texas 79956

The address(es) designated by said attorney(s) for that purpose by depositing a true copy thereof enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Mariana Nannarone

Sworn to before me this
1st day of August, 2008

_____
Notary Public

PATRICIA A. DONNELLY
Notary Public, State of New York
No. 01DO5087441
Qualified in New York County
Commission Expires Nov. 30, 2009